UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADA J. RIVAS DE RIOS, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WAL-MART STORES TEXAS, L.L.C., et al § <br> Defendants. § | Civil Action No. 1:15-217 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Defendant Wal-Mart Stores Texas, L.L.C.'s ("Wal-Mart") "Motion for Summary Judgment and Memorandum in Support Thereof" (hereinafter, Wal-Mart's "Motion"), which was filed on November 9, 2016.[1] Dkt. No. 14. Plaintiff filed a Response to Wal-Mart's Motion on November 30, 2016. Dkt. No. 15. For the reasons stated below, it is recommended that Defendant's Motion be GRANTED, in part, and DENIED, in part.

**I. Background and Procedural History**

On November 2, 2015, Plaintiff filed an original Complaint against Defendants in County Court at Law No. 3 of Cameron County, Texas. On December 16, 2015, Defendants removed the above-captioned cause of action to the United States District Court for the Southern District of Texas. Dkt. No. 1. On November 3, 2016, Plaintiff filed an Amended Complaint against Defendants that alleges two causes of action. *See* Dkt. No. 12. First, Plaintiff alleges a premises liability cause of action based on Defendants'

---

[1] Defendants are represented by the same attorney. Only Defendant Wal-Mart, however, appears to move for summary judgment. *See* Dkt. No. 14.

alleged failure to adequately warn Plaintiff of a dangerous condition, an exposed pallet jack, or to make the condition reasonably safe. *See id.* at 3. Second, Plaintiff alleges a negligent activity cause of action for Defendants' negligence in failing to safely store or warn of the dangerous condition on its premises. *Id.* at 4. On November 9, 2016, Wal-Mart filed its instant Motion. *See* Dkt. No. 14. On November 30, 2016, Plaintiff filed its Response. *See* Dkt. No. 15.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Celotex Corp.*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th

Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). A fact is material if its resolution could affect the outcome of the action, and a disputed material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In deciding whether a genuine issue of material fact exists, the facts, and inferences to be drawn from them, are viewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A court may make no credibility determinations, weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in its pleadings. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994). Likewise, conclusory statements, speculation, and unsubstantiated assertions do not defeat a motion for summary judgment. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th

Cir. 2008).

Neither can a party defeat summary judgment with "'only a scintilla of evidence.'" *Delta & Pine Land Co.*, 530 F.3d at 399 (quoting *Little*, 37 F.3d at 1075). Rather, a party must support any assertion that a fact cannot be or is genuinely disputed by "(a) citing to particular parts of materials in the record . . . ; or (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact." FED. R. CIV. P. 56(c)(1). Further, an affidavit cannot defeat summary judgment unless it contains competent and otherwise admissible evidence. FED. R. CIV. P. 56(c)(4). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000). Additionally, the court only needs to consider cited materials, but may also consider other materials in the record. FED. R. CIV. P. 56(c)(3). This, however, does not impose a duty upon the court to sift through a record in search of evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the non-movant fails to refer to evidence in the record in response to the motion for summary judgment, even if it exists, that evidence is not properly before the district court. *Id.* In the absence of proof, the court will not assume that the non-movant could or would prove a necessary fact. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Rather, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may "(2) consider the fact undisputed for purposes of the motion; [or] (3) grant

summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it . . . ." FED. R. CIV. P. 56(e).

### III. Discussion

Plaintiff allegedly fell over a pallet jack while shopping in one of Wal-Mart's stores on December 2, 2014. *See id.* at 2. The pallet jack, which was at the end of an aisle and about a meter from each side of the shelves, was allegedly left unattended by a Wal-Mart employee, in an area heavily congested with customers, and was not surrounded by a warning device to notify patrons of its presence. *See id.*; Dkt. No. 14-2 at 4-5. As a result of her fall, Plaintiff alleges substantial and permanent injury to her lumbar and cervical spine. Dkt. No. 12 at 2.

Wal-Mart's Motion argues that it did not owe a duty to Plaintiff because the pallet jack was an open and obvious condition, which relieves it of its duty to warn of the condition. *See* Dkt. No. 14 at 5-6. Wal-Mart also argues that it is ultimately immaterial whether Plaintiff saw the pallet jack because a reasonable person exercising ordinary care would have seen it, as one witness to the accident did that day. *Id.* at 8. Finally, Wal-Mart argues that Plaintiff's injury did not occur as a result of a contemporaneous activity conducted by Wal-Mart at the time of the injury, which precludes Plaintiff from recovering on her negligent activity theory. *Id.* at 9. In her Response, Plaintiff argues that the invitee must be aware of the condition for it to be considered open and obvious. *See* Dkt. No. 15 at 5. Plaintiff also argues that the contemporaneous activity conducted by Defendants was the storage of the pallet jack in an aisle crowded with patrons and

merchandise. *Id.* at 6.

### a) Whether the Pallet Jack was Open and Obvious

As a general rule, a landowner has a duty to make safe or warn against any concealed and unreasonably dangerous conditions that the landowner is, or reasonably should be, aware of that the invitee is not. *See Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). A landowner's duty, however, is not absolute; a landowner is not the insurer of an invitee's safety. *Id.* For example, when a condition is "open and obvious *or* known to the invitee" the landowner is not in a better position to discover it, and the law presumes that invitees will take reasonable measures to protect themselves against known risks. *Id.* (emphasis added). Therefore, when a condition is "open and obvious *or* known to the invitee," the landowner need not warn the invitee of the hazard. *Id.* (emphasis added).

Plaintiff cites *El Rancho Restaurants, Inc. v. Garfield* for the proposition that "'a condition is not open and obvious *unless it is so to the invitee, and unless he fully appreciates the danger*.'" Dkt. No. 15 at 5 (citing *El Rancho Restaurants, Inc. v. Garfield*, 440 S.W.2d 873, 876-77 (Tex. App. 1969)) (emphasis added in Pl. Resp.). *El Rancho*, however, is an older, intermediate appellate court decision, which does not lend precedential value compared to the Texas Supreme Court's decision in *Austin v. Kroger Texas*. While Plaintiff could argue that *El Rancho* defines open and obvious, the Texas Supreme Court's holding in *Austin* makes clear that the knowledge of the invitee of the dangerous condition is an alternative path to relief against liability. For example, in *Austin*, the Texas Supreme Court set the two as alternatives through its choice of the word

"or." *See Austin*, 465 S.W.3d at 203. This inference is strengthened by reviewing older Texas Supreme Court cases that reference the open and obvious doctrine as an objective standard prior to its fall from favor in Texas tort law. *See e.g.*, *Houston Nat'l Bank v. Adair*, 207 S.W.2d 374, 376 (Tex. 1948); *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368, 378 (Tex. 1963). Further, requiring the invitee to have knowledge of the dangerous condition to qualify that condition as open and obvious defeats the logical underpinnings of the landowner's duty to warn an invitee regarding dangerous conditions, which looks to whether a warning was objectively reasonable or necessary. *See generally Austin*, 465 S.W.3d at 204. Finally, cases in similar contexts suggest that whether a condition is open and obvious is an objective inquiry. *See Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 383 (Tex. 1995).

With that said, a pallet jack is not necessarily an open and obvious condition on Defendant's property. The parties appear to agree on certain facts regarding the pallet jack. For example, the parties agree that the pallet jack itself was yellow and its handle measured a few feet in total height. *See* Dkt. Nos. 14-2 at 3-4; 14-3 at 8; 14-5; 15-3 at 2.[2] The parties also agree that the pallet jack was at the far end of the aisle from where Plaintiff entered, and there was about a meter between it and the shelves on each side of aisle. Dkt. No. 14-2 at 4-7. Finally, the parties agree that Plaintiff began at the far side of the aisle, away from the pallet jack, and moved from left to right toward the pallet jack as she shopped. *Id.* at 34-35. In fact, when Plaintiff fell, Plaintiff appears to agree that she was between the pallet jack and the shelf. *Id.* at 39. Further, while Plaintiff and her

---

[2] Plaintiff and Wal-Mart submit much of the same deposition testimony in support of their respective positions. As Wal-Mart filed for summary judgment, all repetitive testimony is cited through its filing.

daughter maintain that they did not see the pallet jack, at least one other shopper testified to having seen the pallet jack, adding that he took steps to guard against his own injury. *See* Dkt. No. 14-3 at 7-8; *but see* Dkt. No. 14-2 at 8 (answering in the negative in response to the question "you did not see the pallet jack, correct?" but otherwise responding that Plaintiff did not see the pallet jack). All of these facts would point toward the pallet jack being an open and obvious condition.

However, Gerardo Sosa, the other shopper who saw the pallet jack, further testified that the aisle was crowded with people looking at merchandise. Dkt. No. 14-3 at 3-4. Additionally, Plaintiff's daughter states in her affidavit that there were pallets of merchandise in the surrounding area, which further limited the space to walk through the aisle. *See* Dkt. No. 15-5 at 1; *but see* Dkt. No. 15-2 at 3-4 (in explaining the accident, Plaintiff's daughter did not clearly state whether pallets of merchandise surrounded the area where her mother fell). In addition to her daughter, Plaintiff provides another witness who did not personally see the pallet jack in the aisle. Dkt. No. 15-4 at 2-4. The gravitas of the witnesses' testimony is that the atmosphere in the store was filled with confusion and distraction as the store's shoppers viewed merchandise in the Wal-Mart store. *See* Dkt. No. 14-3 at 3-5; 15-2 at 3-4; 15-4 at 2. The conflicting witness testimony discussed above creates a genuine issue of fact as to whether the pallet jack may be considered open and obvious. This conflicting testimony, as well as the store's crowded and chaotic environment, the apparent lack of other visual devices to alert shoppers of the pallet jack, and the fact that this equipment's main body sits low to the ground, despite its handle standing a few feet tall, do create a genuine issue as to a material fact as to

whether the pallet jack was an open and obvious condition as a matter of law. *See* Dkt. Nos. 14-5; 15-5 at 1.

### b) Whether the Storage of the Pallet Jack was a Contemporaneous Activity

A negligent activity claim requires that a claimant's injury results from a contemporaneous activity itself rather than from a condition created on the premises by that activity. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). A premises defect claim is based on the property itself being unsafe. *Id.* The distinction is closely guarded, and the Texas Supreme Court has rejected many parties' attempts to blur the line between the exclusive theories of recovery. *Id.*; *see Austin*, 465 S.W.3d at 215.

The undisputed facts of this case would appear to support a finding that the harm suffered by Plaintiff was not caused by a contemporaneous activity. First, no witness states that one of Wal-Mart's employees was moving or otherwise acting in any way affecting the pallet jack when Plaintiff fell. *See* Dkt. No. 14-2 at 9; 14-3 at 3; 15-2 at 2, 4-5. Further, witnesses agree that the pallet jack had sat at that location for some undisclosed amount of time prior to Plaintiff's fall. *See* Dkt. No. 14-3 at 5-6; 15-2 at 6. Finally, while Wal-Mart's employee did create the condition at some point, the Texas Supreme Court has previously denied application of this theory to similar circumstances in which an employee inadvertently caused a dangerous condition prior to an injury befalling a plaintiff. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("A Kroger employee sprayed the plants sometime prior to her 7:00 pm quitting time. Keetch slipped on the floor and fell at approximately 7:30 pm. There was no ongoing activity when Keetch was injured. Keetch

may have been injured by a condition created by the spraying but she was not injured by the activity of spraying. At some point, almost every artificial condition can be said to have been created by an activity. We decline to eliminate all distinction between premises conditions and negligent activities."). For these reasons, Plaintiff cannot proceed under an alternative liability theory based upon the alleged contemporaneous activity of Wal-Mart.

## IV. Recommendation

For the reasons stated above, it is recommended that Wal-Mart's Motion be GRANTED, in part, and DENIED, in part.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 8th day of February, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**